

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

JOHN COOK

                         Plaintiff,

            - against -               :    COMPLAINT

NATIONAL ARCHIVES & RECORDS
ADMINISTRATION,

                      Defendant.    :

_____X

Plaintiff John Cook, by his undersigned attorney, alleges for his Complaint:

      1.      This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, brought by journalist John Cook of Gawker Media, to order the

production of agency records and information improperly withheld by Defendant

National Archives and Records Administration ("NARA")..

      2.      Under the Presidential Records Act ("PRA") of 1978, 44 U.S.C. §

2201 et seq., for a definite period immediately after the conclusion of a presidential term,

access to the administration's records is granted only to certain individuals. Specifically,

records may be released to the former President or his designated representative and the

former Vice President or his representative ["Designated Representatives"], and under

certain circumstances to the incumbent President, courts, and members of Congress

["Other Officials"].

3.     NARA has indicated that it is currently in possession of more than 10,000 pages of documentation related to special access requests by Designated Representatives and Other Officials for records of former President George W. Bush and former Vice President Dick Cheney.

4.     John Cook, a staff journalist for Gawker Media, made a request under FOIA for copies of these special access requests and related correspondence.  Mr. Cook does not seek the Administration's documents, which are protected from disclosure under the PRA; rather, he seeks only records of *which* Designated Representatives and Other Officials sought and were or were not granted access to *what* Administration documents.

5.     Mr. Cook seeks these records in order to gain insight into the way in which the former President and Vice President have chosen to shape the public's perception of their time in office, and to provide this insight to the public through online news stories.

6.     NARA has improperly denied Mr. Cook's request for records of special access requests made by Designated Representatives ["Designated Representatives Request"], citing FOIA Exemption 6, 5 U.S.C. § 552(b)(6) (relating to information the disclosure of which would constitute an unwarranted invasion of personal privacy).

7.     NARA has also failed to promptly make available documents responsive to Mr. Cook's request for records of special access requests made by Other Officials ["Other Officials Request"] or to justify the legal basis for withholding them, even though it has conceded that it must release those records.

8.    Through this action, Mr. Cook seeks declaratory and injunctive

relief to compel the release of records that are being unlawfully withheld from the public.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10.    Venue is premised on Mr. Cook's principal place of business, the

offices of Gawker Media, located at 210 Elizabeth Street, New York, NY 10012. Venue

is thus proper in this district under 5 U.S.C. § 552(a)(4)(B).

11.    Mr. Cook has exhausted all administrative remedies in respect to

his Designated Representatives Request pursuant to 5 U.S.C. § 552(a)(4)(B) and is

deemed to have exhausted all administrative remedies in respect to his Other Officials

Request pursuant to 5 U.S.C. § 552(a)(6)(C).

## PARTIES

12.    Cook is a staff writer for Gawker.com and focuses on investigative

stories. Gawker.com is published by Gawker Media, the parent company of eight

separate Internet sites with a combined 32.3 million global visitors and 19.5 million U.S.

visitors per month. Gawker.com itself receives 4.7 million U.S. visitors per month.

Cook's principal place of business, the offices of Gawker Media, is located in this district

at 210 Elizabeth Street, New York, NY 10012.

13.    Defendant NARA is an independent agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1), headed by the Archivist of the

United States, and has possession and control of the records that Mr. Cook seeks.

Pursuant to the PRA, the Archivist of the United States has "responsibility for the

custody, control, and preservation of, and access to, the Presidential records" upon the conclusion of a President's last term in office.  44 U.S.C. § 2203(f)(1).

## FACTS

14.     The National Archives and Records Administration ("NARA") serves as the record keeper for the United States government. Under authority granted to it by the United States Congress through the Presidential Records Act of 1978 ("PRA"), 44 U.S.C. § 2201 *et seq.*, NARA is responsible for the custody, control, and preservation of, and access to, Presidential and Vice-Presidential records upon the conclusion of a President's final term in office.

15.     The PRA provides that Presidential and Vice-Presidential records are exempt from public access immediately after conclusion of a presidential term for a period of time lasting up to 5 years or 12 years depending on the category of record. After this initial period of restricted access, the records are made accessible to the public.

16.     Records that can be restricted by the President or Vice President for a period of time not to exceed 12 years include 6 categories of records, such as records related to national defense, records properly classified pursuant to an Executive Order, records related to federal appointments, and confidential communications requesting or submitting advice. 44 U.S.C. §§ 2204(a), 2207.

17.     Records that do not fall into one of the categories specified in § 2204(a) are exempt from public access for a period of no more than 5 years.44 U.S.C. §§ 2204(b)(2), 2207.

18.    The PRA provides for exceptions during the initial period of restricted access, enabling two categories of persons to be granted access. 44 U.S.C. §§ 2205, 2207.

19.    The first category is Designated Representatives. Specifically, Presidential records are available to the former President or his designated representative, and Vice-Presidential records are available to the former Vice President or his designated representative. 44 U.S.C. §§ 2205(3), 2207.

20.    The second category of individuals includes Other Officials.  The PRA provides that the records may be made available under certain circumstances to an incumbent President, to a court of competent jurisdiction, and to members of Congress.44 U.S.C. §§ 2205(2)(A)-(C), 2207.

21.    On October 21, 2010, Mr. Cook submitted a FOIA request to NARA via facsimile seeking: (1) "copies of all requests for access to records received by the George W. Bush Presidential Library since February 1, 2009" and "any subsequent correspondence regarding those requests, with the exclusion of copies of records governed by the Presidential Records Act"; and (2) "copies of all requests for access to the records of former Vice President Dick Cheney received by NARA staff since February 1, 2009" and "any subsequent correspondence regarding those requests, with the exclusion of copies of records governed by the Presidential Records Act."  Mr. Cook also requested any Memoranda of Understanding between the Library and the researchers who were granted access, but he does not challenge NARA's determination that no such records exist.  (A true and correct copy of this request is annexed as Exhibit 1.)

5

22.     By letter dated December 1, 2010, NARA partially denied Mr.

Cook's request.  The letter distinguished between public access requests made pursuant

to the Freedom of Information Act and the "special access requests" by Designated

Representatives and Other Officials. (A true and correct copy of defendant's response to

Cook's request is annexed as Exhibit 2.)

23.     NARA's letter stated that it treats the latter category—"special

access requests from the White House, the former President and Vice President, the

individuals they designate, Congress, and the courts"—as "researcher reference requests"

and was therefore withholding them in full pursuant to FOIA Exemption 6, 5 U.S.C. §

552(b)(6) (relating to information the disclosure of which would constitute an

unwarranted invasion of personal privacy). Ex. 2 at 1.

24.     In contrast, NARA released partially redacted copies of the FOIA

public access requests made during that period, because, according to NARA's letter,

"FOIA requesters are not subject to the same right of privacy as our researchers." Ex. 2

at 2.

25.     NARA's letter failed to provide an estimate of the volume of

records being denied.

26.     On January 3, 2011, Mr. Cook appealed NARA's denial of his

request. Mr. Cook's appeal noted that there was no legal justification for treating the two

classes of requesters differently, and that even under NARA's interpretation of personal

privacy for research requests, NARA could not withhold an entire document because it

could readily redact "information that could allow readers to identify the requesters in

any special access request correspondence while releasing records concerning subject

areas, terms of access, and other data of potential interest to the public." (A true and correct copy of this appeal is annexed as Exhibit 3.)

27.     By letter dated February 23, 2011, NARA informed Mr. Cook of a delay in his appeal, "[d]ue to the volume of material . . . and the need to coordinate with two components within NARA."NARA estimated that Mr. Cook's request covered approximately 7,500 pages worth of material.  (A true and correct copy of defendant's February 23rd letter is annexed as Exhibit 4.)

28.     By letter dated June 3, 2011, NARA responded to Mr. Cook's January 3 appeal, partially granting and partially denying it. (A true and correct copy of defendant's response to Mr. Cook's appeal is annexed as Exhibit 5.)

29.     NARA updated the estimate regarding the materials withheld, stating that "there are approximately 10,000 pages of documentation pertaining to special access requests." Ex. 5 at 1-2.

30.     NARA again denied release of the requests made by Designated Representatives of former President Bush and former Vice President Cheney, determining that they were "researcher reference requests . . . made on behalf of private citizens." Ex. 5 at 3.

31.     However, NARA reversed its earlier denial as to the requests by Other Officials (requests "made under 44 U.S.C. 2205(2), originating as part of a judicial process . . . or by representatives of the incumbent President . . . or by a Congressional committee or subcommittee"). NARA agreed to disclose those documents pending receipt of a check to cover copying fees. Ex. 5 at 3.

32.     Mr. Cook mailed a check to NARA in the amount of $180 on June 28, 2011.

33.     By email dated September 7, 2011, NARA confirmed earlier receipt of Mr. Cook's check and noted that "NARA FOIA staff are presently continuing to process . . . [Mr. Cook's] FOIA request" and "are aiming to release another batch of materials as a further, interim response by the end of [September], provided that all clearances are obtained." (A true and correct copy of defendant's email to Mr. Cook is annexed as Exhibit 6.)

34.     Mr. Cook has not received any documents to date.

## COUNT 1

### Unlawful Withholding of
### Records of Designated Representatives' Requests for Access
### Under FOIA Exemption 6

35.     Mr. Cook repeats, alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

36.     NARA is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

37.     Exemption 6 of FOIA applies only to personal information contained in medical and personnel records and similar files, and does not allow the withholding of non-personal information merely because it includes the names of private individuals.

38.     NARA has no lawful basis under Exemption 6 or any other exemption for withholding records of requests by Designated Representatives.

39.     NARA's failure to disclose this information violates FOIA.

40.     Mr. Cook is entitled to an order compelling NARA to disclose this information.

## COUNT 2

### Failure To Promptly Make Available Records of Other Officials' Requests for Access in Violation of 5 U.S.C. § 552(a)(6)(A)

41.     Mr. Cook repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

42.     NARA is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

43.     Under 5 U.S.C. § 552(a)(6)(A), NARA was required to provide documents or issue a denial within 20 business days of receiving Mr. Cook's request for records of special access requests made by Other Officials.

44.     Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

45.     Accordingly, Mr. Cook is deemed to have exhausted his administrative remedies as to the Other Officials Request.

46.    NARA has asserted no lawful basis under FOIA for withholding

documents requested by the Other Officials Request.

47.    NARA's failure to provide this information violates 5 U.S.C. §

552(a)(6)(A).

48.    Mr. Cook is entitled to an order compelling NARA to produce this

information.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Cook respectfully requests that this Court:

a.      Declare that the records documenting requests by the Designated

Representatives and the Other Officials, as described in the foregoing paragraphs, are

public under 5 U.S.C. § 552 and must be disclosed;

b.      Order NARA to provide those records to Mr. Cook within 20

business days of the Court's order;

c.      Award the costs of this proceeding, including reasonable attorney's

fees, as expressly permitted by FOIA; and

d.      Grant Cook such other and further relief as this Court deems just

and proper.


Dated: New York, New York
       November 28, 2011


                              Respectfully submitted,

                              PROSKAUER ROSE, LLP

                              Charles Sims
                              Eleven Times Square
                              New York, NY 10036-8299
                              (212) 969-3000
                              *Counsel for Plaintiff*

**EXHIBIT 1**



GAWKER MEDIA

October 21, 2010

<u>VIA FACSIMILE</u>

FAX TO:                    FOIA Officer
                           National Archives and Records Administration
                           8601 Adelphi Road, Room 3110
                           College Park, MD 20740
                           Telephone: (301) 837-FOIA (3642)
                           FAX: (301) 837-0293
                           E-mail: foia@nara.gov


FAX FROM:                  John Cook
                           Gawker Media
                           528 16th St.
                           Brooklyn NY 11215
                           jjcook@earthlink.net
                           773.919.3832 (cell)
                           773.439.5391 (fax)

Dear Sir or Madam:

This is a request for records under the provisions of the Freedom of Information Act.

I seek copies of all requests for access to records received by the George W. Bush
Presidential Library since February 1, 2009. I also seek any subsequent correspondence
regarding those requests, with the exclusion of copies of records governed by the
Presidential Records Act.

I also seek copies of all requests for access to the records of former Vice President Dick
Cheney received by NARA staff since February 1, 2009. I also seek any subsequent
correspondence regarding those requests, with the exclusion of copies of records governed
by the Presidential Records Act.

I also seek any agreements or memoranda of understanding between the George W. Bush
Presidential Library and any researchers, scholars, former government officials, or any
other entities governing current or future access to records maintained by the Library.

In order to help determine my status to assess fees, you should know that I am a journalist
working as a reporter for Gawker Media, an online news organization that serves roughly



G A W K E R   M E D I A

40 million visitors each month. This request is made as apart of a newsgathering effort and not for commercial use, and I am therefore eligible for a waiver of fees associated with the time spent to review responsive documents. I am also willing to pay fees for this request up to $100. If you estimate that the fees will exceed this limit, please notify me first.

To the extent possible, please furnish all responsive records in electronic format.

Please direct all correspondence regarding this request to me at jjcook@earthlink.net or my physical address at 528 16th St., Brooklyn NY 11215 or call me at (773) 919-3832 with any questions.

Please DO NOT address any correspondence to Gawker Media's corporate office. I will not receive it in a timely fashion. Please address all correspondence to my home office address in Brooklyn, N.Y.

Thank you for your attention to this request.

Sincerely,

John Cook
Gawker Media
773.919.3832 (cell)
jjcook@earthlink.net
528 16th St.
Brooklyn NY 11215

**EXHIBIT 2**



# NATIONAL
# ARCHIVES

December 1, 2010

John Cook
Gawker Media
528 16th St.
Brooklyn, NY 11215

Re: Freedom of Information Act Request NGC11-013

Dear Mr. Cook:

This is in response to your Freedom of Information Act (FOIA) request of October 21, 2010. Your request was received in this office via fax on October 21, 2010, and assigned tracking number NGC11-013. Your request sought access to the following records:

1. All requests for access to records received by the George W. Bush Presidential Library since February 1, 2009, including subsequent correspondence regarding these requests;

2. All requests for access to the records of former Vice President Dick Cheney received by NARA staff since February 1, 2009, including subsequent correspondence regarding these requests.

The George W. Bush Presidential Library and the Presidential Libraries Materials Staff receive special access requests from the White House, the former President and Vice President, individuals they designate, Congress, and the Courts. The National Archives treats these requests as researcher reference requests. These files are organized as a system of records governed by the Privacy Act, in this case "NARA 2: Reference Request Files." These records include but are not limited to the following categories: correspondence between NARA staff and researchers containing information about the research topic(s), field(s) of interest, identification of requested records, and other information furnished by the researcher. A copy of the system of notice is included with this response.

The National Archives fully protects the privacy of our researchers. Therefore, these records are withheld in full pursuant to 5 U.S.C. 552(b)(6), the disclosure of which would constitute an unwarranted invasion of personal privacy.

NATIONAL ARCHIVES and
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001
www.archives.gov