NARA has also received FOIA requests for G.W. Bush and Cheney Presidential and Vice Presidential records, even though these records do not become eligible for FOIA requests until January 20, 2014. As you are aware, FOIA requesters are not subject to the same right to privacy as our researchers. Enclosed are copies of these requests for President Bush and Vice President Cheney records. Please note, I have included only one response letter from the Bush Library since they are currently using a standard response until the records become eligible for the FOIA in 2014. Redactions have been performed for Personally Identifiable Information (PII) contained in some of these letters pursuant to 5 U.S.C. 552(b)(6), the disclosure of which would constitute an unwarranted invasion of personal privacy. One page also has redactions pursuant to 5 U.S.C. 552(b)(1), protection of classified information that may harm the national security of the United States.

3. Any agreements or memoranda of understanding between the George W. Bush Presidential Library and any researchers, scholars, former government officials, or any other entities governing current or future access to records maintained by the Library.

We conducted a thorough search of our records. No records pertaining to this part of your request were located.

You have the right to file an administrative appeal concerning any of the denials made in the processing of your request. Address your appeal to the Deputy Archivist (ND), National Archives and Records Administration, College Park, Maryland 20740. Your appeal should be received within 35 calendar days of the date of this letter and it should explain why you think the withheld material should be released. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." All correspondence should reference the tracking number NGC11-013.

Sincerely,

*Jay Olin*

JAY OLIN
NARA Deputy FOIA Officer
Office of General Counsel

**EXHIBIT 3**



January 3, 2011

Ms. Adrienne C. Thomas
Deputy Archivist of the United States
National Archives and Records Administration
College Park MD 20740

Dear Ms. Thomas:

This is an appeal under the Freedom of Information Act.

On October 21, 2010, I filed a FOIA request with the National Archives and Records Administration, which administers the George W. Bush Presidential Library, seeking "copies of all requests for access to records received by the George W. Bush Presidential Library since February 1, 2009," as well as any subsequent correspondence. I also sought similar requests for access to the records of former Vice President Dick Cheney.

NARA received my request and assigned it tracking number NGC11-013. On December 1, 2010, NARA partially denied my request: While it released to me partially redacted copies of requests made under the Freedom of Information Act, NARA withheld in full all "special access requests from the White House, the former president and vice president, individuals they designate, Congress, and the courts." NARA claimed that disclosure of records associated with special access requests would constitute an "unwarranted invasion of personal privacy," and are exempt under 5 U.S.C. 552(b)(6).

This determination was in error. I ask that you instruct NARA to release all responsive correspondence concerning special access requests to me immediately.

The records I seek include, according to NARA, requests from "the White House, the former President and Vice President, individuals they designate, Congress, and the Courts." Under no conceivable circumstances could correspondence and other records concerning such requests be considered personal or private in nature. These are obviously professional inquiries being carried out in the due course of business—and in the case of requests from the White House, Congress, and the Courts, government business. NARA is attempting to contort the FOIA's privacy exemptions to cover professional researchers corresponding with a government agency regarding access to presidential records, a perverse misreading of the FOIA that is wholly unsupported by the statute or case law.

The incoherence of NARA's position is highlighted by the fact that it *did* release to me all requests made under the FOIA for access to presidential records, based on the conclusory claim that "FOIA requesters are not subject to the same right to privacy as our researchers." There is quite simply no reason in law why this should be so. NARA has arbitrarily and capriciously designated a class of people—those who requested presidential records via a



GAWKER MEDIA

vehicle other than the FOIA—and granted them an extraordinarily and unreasonably expansive privacy interest while treating run-of-the-mill FOIA requesters by a different standard. In reality, there is no justification in law for treating either class of requester differently, and neither class of requester can be reasonably said to fall under the (b)(6) exemption.

Furthermore, even if one were to adopt NARA's overly broad and ludicrous interpretation of "personal privacy" as it relates to research requests for presidential records, "personal privacy" can only be invaded if the identity of the person whose privacy is implicated becomes public. It would be a simple matter for NARA to redact information that could allow readers to identify the requesters in any special access request correspondence while releasing records concerning subject areas, terms of access, and other data of potential interest to the public. Such redactions are in fact required by the FOIA, which states at 5 U.S.C. § 552(b) that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

Finally the FOIA requires that "in denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request." NARA failed to provide me with an estimate of the volume of records being denied to me in this instance, and I am entitled to such an estimate.

I urge you to instruct NARA to comply in full with my request immediately.

Thank you for your attention to this matter. Please direct any correspondence regarding this appeal to my e-mail address, jjcook@earthlink.net, or home office at:

528 16th St.
Brooklyn NY 11215

You may also reach me at my cell phone, 773 919 3832.

Regards,



John Cook

**EXHIBIT 4**

NATIONAL ARCHIVES and
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001

www.archives.gov

# NATIONAL ARCHIVES

February 23, 2011

John Cook
528 16th St.
Brooklyn, NY 11215

Re: Freedom of Information Act Appeal Request NGC11-014A

Dear Mr. Cook:

Your request for the appeal of denied portions of your FOIA request (NGC11-013) is still being processed. Due to the volume of material (approximately 7,500 pages) and the need to coordinate with two components within NARA (the George W. Bush Library and the Presidential Library Materials Staff) I am informing you of a delay in your case.

If you have any questions regarding your case I may be reached by phone at (301) 837-0583 or by e-mail at joseph.scanlon@nara.gov.

Sincerely,

JOSEPH A. SCANLON
NARA FOIA Officer
Office of General Counsel

# EXHIBIT 5

Case 1:11-cv-08624-BSJ   Document 1-1   Filed 11/29/11   Page 7 of 15



**NATIONAL ARCHIVES**

JUN  3 2011

John Cook
528 16th St.
Brooklyn, NY 11215

Re:  Freedom of Information Act Appeal NGC11-014A

Dear Mr. Cook:

This is in response to your Freedom of Information Act (FOIA) appeal in correspondence dated January 3, 2011. Your appeal was received in this office on January 4, 2011, and assigned tracking number NGC11-014A. My apologies for the delay in responding.

In relevant part, your initial FOIA request to the National Archives and Records Administration (NARA), dated October 21, 2010, requested "copies of all requests for access to records received by the George W. Bush Presidential Library since February 1, 2009," as well as subsequent correspondence. You also requested similar requests for access to the records of Vice President Cheney since February 1, 2009, as well as subsequent correspondence.

NARA responded to your FOIA request by letter dated December 1, 2010, granting your request in part and denying it in part. We released to you correspondence pertaining to requests filed by others under the FOIA for George W. Bush presidential records and Richard Cheney Vice Presidential records, as the law is clear that there is no privacy interest applicable to FOIA requests. However, we withheld documentation consisting of "special access requests," made pursuant to Section 2205 of the Presidential Records Act, 44 U.S.C. 2205, citing Exemption 6 of the FOIA, 5 U.S.C. 552(b)(6), which pertains to disclosures that would constitute an unwarranted invasion of personal privacy. We justified doing so by citing to NARA's policy regarding restricting access to Privacy Act-covered systems of records, including researcher reference requests, citing to a NARA systems of record notice under the Privacy Act, "NARA 2: Reference Request Files."

In response to your request concerning the volume of documents being withheld, we subsequently informed you by correspondence dated February 23, 2011 that we estimated there to be 7,500 pages of withheld materials. We have now been able to further refine this estimate and have determined that there are approximately 10,000 pages of documentation

NATIONAL ARCHIVES and
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001
www.archives.gov

pertaining to special access requests for George W. Bush Presidential and Cheney Vice Presidential records within the scope of your original FOIA request.

In your appeal letter, you note that the records you seek include requests from "the White House, the former President and Vice President, individuals they designate, Congress, and the Courts." and that "[u]nder no conceivable circumstances could correspondence and other records concerning such requests be considered personal or private in nature." You go on to say that "[t]hese are obviously professional inquires being carried out in the due course of business." You make an additional argument in your letter to the effect that even if these "professional" requestors were deemed to have privacy rights in their requests, NARA could as a "simple matter" redact the names of the requestors and provide the content of the requests themselves. In support you cite the FOIA statute at 5 U.S.C. 552(b), where it states that "any reasonably segregable portion of a record" shall be provided to requestors.

In response to your appeal, I asked that staff revisit the issue of whether all special access requests falling within the scope of your FOIA request should necessarily have been deemed to be treated as researcher reference requests falling within the scope of NARA 2: Reference Request Files. My determination is informed by the following factual and legal considerations.

With respect to special access requests made by representatives of a former president or vice president, I affirm NARA's prior determination that these individuals are acting on behalf of private citizens, and thus their own identities and the nature of their requests for access to NARA archival holdings are shielded under the Privacy Act in the same manner as all researchers in NARA facilities. As a variety of case law recognizes, it is a truism that presidents and vice presidents, after they leave office, return to private life. *See. e.g., American Historical Association v. Peterson*, 876 F. Supp. 1300, 1314, 1315 (D.D.C. 1995) ("now that former President [George H.W.] Bush is a private citizen"); *Sun Oil Co. v. United States*, 514 F.2d 1020, 1021 (Ct. Cl. 1975) (deeming a former president to be a "private citizen"). I recognize that the former President and former Vice President enjoy a special statutory privilege to obtain records from their Administration, pursuant to 44 U.S.C. 2205(3), which states that "the Presidential records of a former President shall be available to such former President or his designated representative"; *see also* 44 U.S.C. 2207 (Vice-Presidential records shall be subject to the provisions of this chapter in the same manner as Presidential Records). However, I do not believe these provisions standing alone are sufficient to alter the "private citizen" status of a former president and vice president.

I understand from our staff that a very substantial majority of the documentation regarding special access requests appears to have originated from designated representatives of former President Bush and former President Cheney. With respect to this material, in response to your suggestion that the content of the requests could be disclosed while withholding the names of the requesting parties, I believe it would nevertheless constitute an invasion of

2

privacy were I to direct staff to release the content of what the former President or Vice President were interested in having researched among their papers.

On the other hand, I believe you are correct to point out that special access requests made under 44 U.S.C. 2205(2), originating as part of a judicial process (subpart (2)(A)), or by representatives of the incumbent President (subpart (2)(B)), or by a Congressional committee or subcommittee (subpart (2)(C), would constitute official business, and thus would not be properly deemed to fall within the scope of "researcher reference" requests from private individuals. I am further informed that out of approximately 10,000 pages total, some 750 to 1000 pages of documentation constitute requests from other sources, including from the judiciary system, the incumbent President, or Congress. Subject to my remarks on fees for copying below, I believe you are entitled to have NARA staff further process this remaining documentation. In doing so, I will be directing staff to exempt from release by way of redaction any materials that are deemed to fall within any applicable FOIA exemptions, including but not limited to Exemptions 1, 5, 6, and 7. *See* 5 U.S.C. 552(b).

In your initial FOIA correspondence, you indicated a willingness to pay fees up to $100. NARA's fee policy for representatives of the news media is as set out at 36 C.F.R. 1250.52(c), which states that fees for copying will be charged, except that we will not charge for copying of the first 100 pages of a request. Our best estimate at the present time is that you will owe $180 in copying charges should you wish us to proceed with processing the remaining portion of your FOIA appeal that has been granted. If you wish us to proceed with processing, please send a check or money order, payable to "NARA," to Jay Olin, Office of General Counsel, Suite 3110, 8601 Adelphi Road, College Park, MD, 20740. When you provide a check as payment to NARA, please be advised that you authorize this agency to use the information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When NARA uses information from your check to make an electronic funds transfer, funds may be withdrawn from your account as early as the day we receive your payment, and you will not receive your check back from your financial institution.

In sum, because it is my determination that a substantial majority of the documentation within the scope of your request constitute in essence researcher reference requests that have been made on behalf of private citizens, I will affirm NARA's prior determination that your request be denied under FOIA Exemption 6. For the remaining special access requests as described above, your appeal is granted and NARA staff will proceed to further process your request upon receipt of a check covering the copying fees involved.

You may choose to deem this an interim response and thus need not consider that your administrative remedies have been completely exhausted. However, to the extent that your FOIA appeal has been denied in part, you have the right to seek judicial review in the United States District Court for the judicial district in which you reside or do business, in the District

3

of Columbia, or in the Eastern District of Texas (where records located at the George W. Bush Presidential Library reside).

Sincerely,

THOMAS E. MILLS
Acting Deputy Archivist

4

**EXHIBIT 6**

**From:** Jason Baron [mailto:Jason.Baron@nara.gov]
**Sent:** Wednesday, September 07, 2011 3:51 PM
**To:** jeremy.kutner@yale.edu
**Subject:** Re: John Cook FOIA Request

Confirmed.

>>> <jeremy.kutner@yale.edu> 9/7/2011 3:50 PM >>>
Hi Jason,

Just a quick question. Could you confirm for me that you received Mr. Cook's check for the document processing and copying along with the date of receipt? Thanks so much.

Best,
Jeremy

Quoting Jason Baron <Jason.Baron@nara.gov>:

> REFERENCE NUMBERS
> FOIA request: NGC11-013
> Appeal: NGC11-014A
>
> Jeremy,
>
> Thanks for the email.  Per the voice mail I left you on September 6,
> 2011, I wish to reconfirm that NARA FOIA staff are presently continuing
> to process the above-referenced FOIA request from Mr. Cook of Gawker
> Media.  We are aiming to release another batch of materials as a
> further, interim response by the end of this month (September), provided
> that all clearances are obtained.
>
> Please feel free to contact me again, as I am more than willing to
> provide regular updates on our progress in processing this FOIA
> request.
>
>
> Jason R. Baron
> Director of Litigation
> Office of the General Counsel
> National Archives and Records Administration
> 8601 Adelphi Road, Suite 3110
> College Park, MD 20740
> tel. 301-837-1499 (direct)
> 301-837-1750 (main)
> 301-837-0293 (fax)
> email: jason.baron@nara.gov>>> "Jeremy Kutner" <jeremy.kutner@yale.edu>
> 9/7/2011 7:35 AM >>>
>
> Hi Jason,
>

\> I'm writing to follow up on your phone call. Please let me know that
\> you received this email. Thanks so much, and I hope all is well.
\>
\> Best,
\> Jeremy
\>

**From:** Jason Baron [mailto:Jason.Baron@nara.gov]
**Sent:** Wednesday, September 07, 2011 10:31 AM
**To:** jeremy.kutner@yale.edu
**Subject:** Re: John Cook FOIA Request

REFERENCE NUMBERS
FOIA request: NGC11-013
Appeal: NGC11-014A

Jeremy,

Thanks for the email. Per the voice mail I left you on September 6, 2011, I wish to reconfirm that NARA FOIA staff are presently continuing to process the above-referenced FOIA request from Mr. Cook of Gawker Media. We are aiming to release another batch of materials as a further, interim response by the end of this month (September), provided that all clearances are obtained.

Please feel free to contact me again, as I am more than willing to provide regular updates on our progress in processing this FOIA request.


Jason R. Baron
Director of Litigation
Office of the General Counsel
National Archives and Records Administration
8601 Adelphi Road, Suite 3110
College Park, MD 20740
tel. 301-837-1499 (direct)
301-837-1750 (main)
301-837-0293 (fax)
email: jason.baron@nara.gov>>> "Jeremy Kutner" <jeremy.kutner@yale.edu> 9/7/2011 7:35 AM >>>
Hi Jason,

I'm writing to follow up on your phone call. Please let me know that you received this email. Thanks so much, and I hope all is well.

Best,
Jeremy